UNITED STATES of America,
Plaintiff-Appellee,

v.

Louis M. PIHAKIS, Defendant-Appellant.

No. 76–1142.

United States Court of Appeals,
Fifth Circuit.

Jan. 21, 1977.

Rehearing Denied Feb. 17, 1977.

Donald I. Bierman, Edward R. Shohat, Miami, Fla., for defendant-appellant.

Robert W. Rust, U.S.Atty., Miami, Fla., E. Thomas Sullivan, Atty., Morris Silverstein, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before GEWIN, GEE and FAY, Circuit Judges.

PER CURIAM:

This case is a direct appeal from appellant's conviction for mail fraud and conspiracy to commit mail fraud, 18 U.S.C. §§ 1341, 371. The trial was before Judge Krentzman on stipulated facts. Appellant was found guilty of three counts and was sentenced to two years' concurrent imprisonment on each count. The only issue presented on appeal involves the district court's denial of appellant's pre-trial motion to dismiss the indictment, which appellant alleged to have been returned in breach of a previous plea bargain with the government. We affirm the district court's ruling on the motion.

Between 1970 and 1976 appellant faced several state and federal indictments on charges arising from his alleged participation in a nationwide advance mortgage fee operation organized by one Michael Strauss. In January, 1971, appellant and others were indicted on five counts of federal mail fraud and conspiracy in Birmingham, Alabama. He and the government agreed to continue the Birmingham indictment until exhaustion of appeals of Alabama state convictions on similar charges. Those state convictions were eventually reversed, exposing appellant to further state prosecution. In May, 1972, appellant and twenty others were indicted on federal mail fraud and conspiracy charges in Chicago. On February 8, 1973, Chief of the Fraud Section of the Justice Department's Criminal Division directed the federal prosecutor in Chicago to dismiss the indictment there because the department was planning to obtain elsewhere a more sweeping indictment on the same charges. On March 2, 1973, an assistant U. S. Attorney in Chicago secured dismissal of the indictment and so notified Mr. Bowen, the federal prosecutor in Birmingham. Three days later appellant pleaded guilty to the Birmingham federal indictment and received a two year sentence. As part of the plea arrangement, appellant pleaded guilty to state charges and was placed on probation concurrent with his federal sentence. In this way appellant avoided incarceration in an Alabama penal institution.

After the instant federal indictment was returned in April, 1975, in Tampa, Florida, appellant moved to dismiss on the ground that the government impliedly had agreed as part of the Birmingham plea bargain not to prosecute additional Strauss-related charges against him. Judge Krentzman held a hearing on the motion at which he heard testimony from appellant's relatives, his Birmingham defense attorneys, and government attorneys from Birmingham and Chicago. After considering that testimony and the transcript of the Birmingham guilty plea proceeding, at which Judge Pointer presided, the court below concluded that appellant's guilty plea was not conditioned upon dismissal of the Chicago indictment and that the government did not impliedly promise not to prosecute the Chicago charges in another district or otherwise deceive him.

Appellant's implied promise argument is based upon the following facts: (1) attorneys for the government and for appellant had discussed the possibility of a transfer of the Chicago charges to Birmingham with a resulting two-year concurrent sentence on the consolidated federal charges; and (2) the Alabama federal prosecutor advised appellant of the Chicago dismissal prior to his guilty plea without also advising him of the government's plan to obtain elsewhere another indictment on the same charges.

We do not think the district court clearly erred in its findings of fact or erred in its conclusion that the government's conduct

did not constitute an implied promise. First, the transfer discussions pursuant to Federal Rule of Criminal Procedure 20 became moot with the dismissal of the Chicago indictment, regardless of the reasons for the dismissal. Rule 20 discussions never went beyond the tentative stage, as appellant did not request the transfer in writing and the U. S. attorneys in both districts did not approve the transfer in writing as required by the rule. Assuming arguendo that the Alabama federal prosecutor perhaps should have informed appellant of the government's motive in dismissing the Chicago indictment, this omission under the facts and in the circumstances of this case did not constitute an implied promise that the government would never prosecute those charges. The Alabama federal prosecutor disclaimed an ability to control or to prevent prosecutions in other districts.

Persuasive evidence of appellant's understanding of the Chicago dismissal comes from the transcript of his Birmingham guilty plea proceeding. Judge Pointer specifically inquired about appellant's understanding of the discussions concerning state charges and the Chicago indictment. The judge instructed appellant that if his guilty plea were contingent or conditional in any way upon what happened to the state and Chicago charges he (Judge Pointer) could not accept the plea. Appellant answered emphatically that the discussions concerning the state charges and the Chicago indictment were not conditions of his plea. Judge Pointer even suggested to appellant that he "might find [himself] faced with a trial on matters that are pending in Chicago even though you plead it at this time." Appellant answered: "That is correct, I understand it." There is no basis for any reliance by appellant after Judge Pointer cautioned him that his guilty plea could not be conditioned on the outcome of the Chicago charges.

We are quite aware that when a plea rests to a significant degree on a promise or agreement of the government which induces the plea, such promise must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427, 433 (1971). However, on this record we cannot say that the district court erred in concluding that the government made no express or implied promises relating to the Chicago charges and that appellant's guilty plea in Birmingham was in no way conditioned on disposition of those charges. Thus, the court did not err in denying appellant's motion to dismiss.

JUDGMENT AFFIRMED.