**Carole ALLYN, Petitioner,**

v.

**COMMISSIONER OF CORRECTIONAL SERVICES and People of State of New York, Respondents.**

**No. 86 Civ. 2137(PNL).**

United States District Court, S.D. New York.

March 16, 1989.

death of the applicant prior to the beginning of the renewal term will not defeat the rights of his ... assignees.")

Irving Anolik, New York City, for petitioner.

Kenneth Gribetz, Dist. Atty. of Rockland County, New City (Janice Gittelman, Asst. Dist. Atty., of counsel), for respondents.

## OPINION AND ORDER

LEVAL, District Judge.

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Carole Allyn, seeks to void her state conviction on the grounds that her guilty plea was involuntary.

The petitioner was arrested on July 21, 1982 under charges of Criminal Sale of a Controlled Substance in the Fifth Degree, N.Y.Penal Law § 220.31, and Possession of a Controlled Substance in the Fifth Degree, N.Y.Penal Law § 220.06(1). She was subsequently indicted on September 22, 1982 for the same two offenses. Elizabeth Allyn, the petitioner's daughter, was also arrested on July 21, 1982 and charged with various narcotics offenses, none of which directly involved the petitioner.

The petitioner pled guilty in New York State Court to the Criminal Sale of a Controlled Substance on December 22, 1982. She entered the plea under an express arrangement with the Rockland County District Attorney's Office whereby she would receive the minimum mandatory sentence for a second felony offender, and her daughter would be allowed to plead guilty to a reduced charge which would allow her to avoid serving time in prison. The petitioner and her daughter were represented by separate counsel. On February 23, 1983, petitioner attempted to withdraw her guilty plea on the grounds of coercion. The district attorney opposed the application, but agreed that if both petitioner and her daughter sought to withdraw their pleas, the government would not object.

The court refused to allow petitioner alone to withdraw her plea.

The petitioner contends that the plea was improperly coerced by linking her plea to the reduction of charges against her daughter.

The Supreme Court has recognized that "the guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system." *Blackledge v. Allison*, 431 U.S. 63, 71, 97 S.Ct. 1621, 1627, 52 L.Ed.2d 136 (1977).

This petition challenges the power of the government to encourage guilty pleas, either by threat of more severe sanction or by the promise of leniency. This issue was decided by the Supreme Court in *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978):

> While confronting a defendant with the risk of more severe punishment clearly may have a "discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable"—and permissible—"attribute of any legitimate system which tolerates and encourages the negotiation of pleas."

(Citations omitted.)

This case presents the variation whether the prosecutor may use a promise or threat *to a third party* as a way of influencing the defendant's guilty plea. The Supreme Court expressly left this issue open in *Bordenkircher v. Hayes*, 434 U.S. 357, 364 n. 8, 98 S.Ct. 663, 668 n. 8, 54 L.Ed.2d 604 (1978). Several circuits have found such bargaining to be lawful. They have universally held that there is "no intrinsic constitutional infirmity in broadening plea negotiations so as to permit third party beneficiaries." *United States v. Nuckols*, 606 F.2d 566, 569 (5th Cir.1979). *See Politte v. United States*, 852 F.2d 924, 929–930 (7th Cir.1988) (defendant's plea was result of "calculated bargain" to help wife avoid prosecution); *Mosier v. Murphy*, 790 F.2d 62, 66 (10th Cir.) (representation of prisoner's wife and mother-in-law, who benefitted from prisoner's guilty plea, did not deprive prisoner of effective assistance of counsel), *cert. denied*, 479 U.S. 988, 107 S.Ct. 582, 93

L.Ed.2d 584 (1986); *Martin v. Kemp,* 760 F.2d 1244, 1247 (11th Cir.1985) (petitioner's guilty plea, which was induced by government's threat to prosecute a third party, would be found involuntary if investigator had no probable cause to charge third-party at time of threat); *United States v. Castello,* 724 F.2d 813, 815 (9th Cir.) (petitioner could not withdraw guilty plea which was induced by government's threat to prosecute a third party, where government had cause to believe third party was guilty of a crime), *cert. denied,* 467 U.S. 1254, 104 S.Ct. 3540, 82 L.Ed.2d 844 (1984); *United States v. Usher,* 703 F.2d 956, 958 (6th Cir.1983) (plea was voluntary even if coerced by promise that wife would get suspended sentence); *Harman v. Mohn,* 683 F.2d 834, 837 (4th Cir.1982) (prosecutor's promise to drop indictment against defendant's wife not coercive); *United States v. Tursi,* 576 F.2d 396, 398 (1st Cir.1978) (promise of leniency to defendant's son did not invalidate plea agreement).

The Supreme Court was concerned in *Bordenkircher* by the possibility of prosecutorial abuse of the plea bargain process. *Bordenkircher, supra,* 434 U.S. at 365, 98 S.Ct. at 669. Although such possibilities always exist, there is no special reason for such concern in this case. Both the petitioner and her daughter had already been arrested and indicted by the time the government began its plea negotiations with the petitioner. Elizabeth Allyn was indicted for eight separate felony offenses. Petitioner does not even challenge the underlying prosecution of her daughter as not being in good faith.[1] She merely asserts that by making her daughter's plea contin- gent upon her guilty plea, the government forced her to make an involuntary plea.

All of the details of the plea were freely discussed in open court. Elizabeth Allyn's attorney made a statement representing his own agreement with the terms of the plea bargain negotiated between petitioner and the district attorney. App. pp. 20–23.[2] The court was fully aware of the circumstances of the plea and repeatedly sought to ascertain petitioner's state of mind as to her decision to accept its conditions. Although petitioner admitted to being "strongly influenced" by the promise of leniency to her daughter, she repeatedly assured the court of the voluntary nature of her plea. App. pp. 41–44.[3]

The petitioner made a calculated bargain to surrender her trial rights. In exchange, she received a lenient sentence for herself and an opportunity for her daughter, pleading guilty to several drug felonies, to receive only a weekend in jail. The state court did not act wrongly in accepting the plea. Nor did the court err when it refused petitioner's subsequent application.

The petition is dismissed.

SO ORDERED.

---

1. There is no reason to doubt that there was probable cause to arrest and prosecute Elizabeth Allyn.

2. All references to "App." are to the Appendix of the State Court proceedings submitted by Mr. Irving Anolik, attorney for petitioner. This appendix contains transcripts of the petitioner's guilty plea on December 22, 1982, as well as the conferences which followed in which Ms. Allyn sought to withdraw her guilty plea.

3. Some courts have found that "guilty plea[s] offered in consideration of lenient treatment" as against third persons pose a "greater danger of coercion" than purely bilateral plea bargaining, "and that, accordingly, special care must be taken to ascertain the voluntariness of the guilty plea" entered in such circumstances. *Tursi, supra,* 576 F.2d at 398. Although I am not sure the risk of coercion is greater where the leniency offered is in favor of a third person than where it is offered to the defendant herself, I note that the state court in this instance proceeded with the utmost care and diligence in ascertaining the voluntariness of the guilty plea.