**UNITED STATES of America**

v.

**Dave HUSBAND.**

**No. B–89–100–CR(1).**

United States District Court, E.D. Texas, Beaumont Division.

April 19, 1991.

See also 730 F.Supp. 756, 748 F.Supp. 476.

T. Robert Hill, Jackson, Tenn., for plaintiff.

Henry T.V. Miller, Memphis, Tenn., for defendant.

## MEMORANDUM ORDER

COBB, District Judge.

The defendant, Dave Husband (Husband), has filed a motion to withdraw his plea of guilty to all counts charged against him in the indictment in this cause.[1] The court has reviewed the motion and response, heard oral argument and testimony, and reviewed letters and affidavits submitted following the hearing. The court finds the motion to withdraw plea should be, and is hereby, DENIED.

Withdrawal of a plea is governed by FED.R.CR.P. 32(d). That rule provides:

If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any just and fair reason.

The Fifth Circuit has set forth eight factors to be considered when the court is ruling on a motion for withdrawal of a plea. Those factors are: (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice if the motion were granted; (3) whether the defendant has delayed in filing his motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of coun-

---

1. Husband was charged with: one count of conspiracy to distribute and possess with intent to distribute more than five kilograms of a substance containing cocaine and more than fifty grams of a substance containing cocaine base; one count of possession with intent to distribute and distribution of more than five hundred grams of a substance containing cocaine; three counts of use of a communiction facility to facilitate the commission of a felony (distribution of cocaine); one count of possession of an unregistered firearm; two counts of filing a fraudulent tax return; and one forfeiture count, listing items including land, automobiles, jewelry, and $30,000 in currency.

sel was available; (6) whether the original plea was knowing and voluntary; (7) whether the withdrawal would waste judicial resources; and (8) if necessary, why defenses advanced later were not proffered at the time of the original pleading, or why a defendant delayed in making his motion for withdrawal. *United States v. Carr*, 740 F.2d 339 (5th Cir.1984), *cert. denied*, 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985).

■ Applying those factors to this case, the court finds the defendant has not made a showing of a "just and fair reason." First, Husband has not asserted his innocence. In fact, at the hearing on this motion, Husband specifically stated he was not denying his guilt. This court does not believe these statements would be admissible in any future proceeding against Husband. *See* FED.R.CRIM.P. 11(e)(6), FED. R.EVID. 410. Nevertheless, this court is entitled to consider those statements as to Husband's assertion of innocence, if any. Additionally, the court notes that objective evidence, offered at the time of the taking of the plea, supports a finding of guilty. *See United States v. Hough*, 561 F.2d 594 (5th Cir.1977).

Turning to the second factor, the government would suffer substantial prejudice if this motion were granted. Much of the evidence in any future trial would come from the testimony of co-defendants who have pled guilty and agreed to cooperate with the government. Those co-defendants have been sentenced, and are now incarcerated at federal institutions scattered across the country. The government would be required to produce those co-defendants on writs and transport them from assorted prison facilities.

Third, Husband did not delay in filing his motion. He filed it approximately one week after the sentencing in state court of his son, David Neil Husband (Neil Husband). This event is discussed further, *infra*.

Fourth, the withdrawal of the plea would substantially inconvenience the court. This court's docket is already crowded. The addition of a major drug conspiracy trial, expected to last several weeks, would wreak havoc with that docket.

Fifth, Husband was ably assisted throughout the plea negotiations, the taking of the plea, and even the motion for withdrawal, by experienced and highly competent defense counsel.

Sixth, this court has reviewed the transcript of the hearing held March 29, 1990, when the plea was taken, and finds the plea was indeed knowing and voluntary. Husband personally responded that he understood each count to which he was pleading guilty. It is true that pleas of guilty entered "in consideration of lenient treatment as against third persons pose a greater danger of coercion than purely bilateral plea bargaining, and accordingly, "special care must be taken to ascertain the voluntariness of guilty pleas entered in such circumstances." *United States v. Nuckols*, 606 F.2d 566 (5th Cir.1979) (citation omitted). In *Nuckols*, the defendant pled guilty in response to the government's threat to indict his wife. In that case, the court found that the government had to establish a good faith basis for its threat of charges against the defendant's wife, since she had not been indicted or charged.

In this case, Neil Husband was charged and the plea was entered in exchange for lenience as to an indicted co-defendant. The Ninth Circuit addressed a similar situation in *United States v. Sutton*. 794 F.2d 1415 (9th Cir.1986). In *Sutton*, the Ninth Circuit found no withdrawal need be allowed where a defendant pled guilty and then sought withdrawal because he pled under the threat of prosecution and imprisonment of his female companion. The female companion was a co-defendant, and had been charged in the indictment with serious felony charges.

Like the co-defendant in *Sutton*, Neil Husband had been charged in the same indictment as Dave Husband, also with serious felony charges. Husband's argument to this court is that he pled guilty in exchange for the government's promise of leniency toward Neil Husband, and that the government failed to keep that promise.

■ Generally speaking, the government is required to keep the promises it makes in a plea bargain. If a defendant pleads guilty in exchange for a promise by the government, and the promise is breached, the breach taints the voluntariness of the plea. *Smith v. Blackburn*, 785 F.2d 545 (5th Cir.1986). In the instant case, the "promise" upon which Husband relies was, "The Government does represent that in light of the defendant's [Husband's] pleas of guilt, it will permit his son, Neil Husband, to plead guilty to charges in the District Court of San Augustine County, Texas, pertaining to the possession of cocaine under an arrangement in which the defendant's son will be permitted to plead guilty to what is known as 'deferred adjudication.'"

Neil Husband did plead guilty in state court, but instead of receiving deferred adjudication, he was sentenced to "boot camp," a modified state prison program for first-time offenders. Neil Husband has served that sentence and been released. Husband contends this change in disposition of his son's case constitutes a breach of the government's promise to him, and thereby taints the voluntariness of his plea.

■ To say that this plea agreement was inartfully drawn would be a masterful understatement. The court, however, may not decide the voluntariness of a plea based solely upon the craftsmanship (or lack thereof) of the lawyers who negotiated it.[2]

■ Succinctly put, apparently all parties to this plea believed "an arrangement" had been made wherein a state court judge, over whom none of the parties had any control, would dispose of a particular case in a particular way. When the state court judge properly exercised his discretion and determined an appropriate disposition of a case within his jurisdiction, the defendant here promptly sought to withdraw his plea. This court would point out that Neil Husband finally pled guilty to a state charge of possession of cocaine, and was sentenced to

a few weeks in boot camp. A federal charge of conspiracy to distribute cocaine, with a minimum penalty of ten years and a maximum of life in prison, was dismissed pursuant to this plea agreement. Clearly, Neil Husband received a great benefit from his father's plea of guilty.

This court finds the government did all it could to keep its part of the plea agreement. The government notified the state court of its agreement with Dave Husband, and further told the state court the federal government did not oppose deferred adjudication for Neil Husband. The government dismissed the federal criminal charge against Neil Husband. This court concludes Husband's plea was knowing and voluntary, and that voluntariness was not tainted by any breach by the government of any promise.

The seventh factor to consider is whether withdrawal would waste judicial resources. This court finds it would, for the same reasons it would substantially inconvenience the court. The eighth factor does not apply in this case.

Accordingly, the defendant's motion to withdraw plea is DENIED. This case will be set for sentencing.

---

**2.** Under FED.R.CIV.P. 11(e)(3), (4), acceptance or rejection of the plea agreement is the responsibility of the court. FED.R.CR.P. 11(e)(1), however, specifically prohibits the court from participating in plea negotiations. This court believes that prohibition extends to forbid redrafting of the plea by the court.