[Cite as *State v. Mix*, 2019-Ohio-3315.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                  :   Case No.  18CA9

    vs.                                   :

ERICA S. MIX,                           :   DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                 :

_____

APPEARANCES:

W. Joseph Edwards, Columbus, Ohio, for appellant.[1]

Jason D. Holdren, Gallia County Prosecuting Attorney, Gallipolis, Ohio, for appellee.

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 8-12-19
ABELE, J.

{¶ 1} This is an appeal from a Gallia County Common Pleas Court judgment of conviction and sentence. Erica Mix, defendant below and appellant herein, pleaded guilty to one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2), and received an eleven year prison sentence. Appellant assigns one error for review:

ASSIGNMENT OF ERROR:

"A GUILTY PLEA IS COERCIVE WHEN IT IS INDUCED BY PROMISES MADE TO DEFENDANT-APPELLANT CONCERNING HER CO-DEFENDANT MOTHER'S CASE, WITHOUT ADEQUATE ADVICE BY COUNSEL AND THE

---

[1]Different counsel represented appellant during the trial court proceedings.

COURT, CONTRA HER DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS AS WELL AS HER SIXTH AMENDMENT RIGHTS GUARANTEED BY THE OHIO AND FEDERAL CONSTITUTIONS (RECORD REFERENCE: TR. PP. 47-87)."

{¶ 2}  In May 2018, a Gallia County Grand Jury returned an indictment that charged appellant with (1) one count of aggravated trafficking in drugs (methamphetamine) in violation of R.C. 2925.03(A)(2), a first-degree felony, (2) one count of aggravated possession of drugs (methamphetamine) in violation of R.C. 2925.11(A), a first-degree felony, and (3) one count of operating a motor vehicle with a hidden compartment in violation of R.C. 2923.241(C), a second-degree felony.

{¶ 3}  Subsequently, and pursuant to a negotiated plea agreement, appellant pleaded guilty to one count of aggravated trafficking in drugs.  At the hearing, the state informed the trial court that an officer stopped a vehicle in Gallia County and inside the vehicle, the officer found appellant, the driver, and a passenger, appellant's mother.  Apparently, the cruiser's camera also recorded a conversation between appellant and her mother.  During the conversation, appellant indicated that she had a controlled substance in her vehicle's hidden compartment.  In that compartment, officers later found 439.5 grams of methamphetamine, an amount that warranted a major drug offender specification.

{¶ 4}  After negotiation between the parties and, in exchange for appellant's guilty plea, the state agreed to (1) dismiss counts two and three, and (2) reduce appellant's co-defendant mother's charge to a third-degree felony.  At that point, the trial court, pursuant to the joint sentencing recommendation, sentenced appellant to serve a mandatory eleven-year prison term. Afterward, appellant filed a pro se motion for delayed appeal that this court granted on January

22, 2019.

**{¶ 5}**   In her sole assignment of error, appellant asserts that her guilty plea resulted from coercive tactics and, thus, violated her due process rights under the Fifth and Fourteenth Amendments, as well as her Sixth Amendment rights guaranteed by the Ohio and federal Constitutions.   In particular, appellant argues that her plea resulted from promises that involved her co-defendant mother and without adequate advice from counsel and the trial court.

**{¶ 6}**   "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.   Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle,* 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).   Crim.R. 11(C) governs the process that a trial court must use before it accepts a felony plea of guilty or no contest.   With respect to the required colloquy, Crim.R. 11(C)(2) provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
> (a) Determining that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved * * * .
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that
>
> by the plea the defendant is waiving the rights to jury trial, to confront witnesses
>
> against him or her, to have compulsory process for obtaining witnesses in the
>
> defendant's favor, and to require the state to prove the defendant's guilt beyond a

reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 7}   Before a court may accept a guilty or no-contest plea, the court must give the Crim.R. 11(C)(2)(a) and (b) warnings and notify the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c).   In the case sub judice, our review of the transcript reveals that the trial court thoroughly explained appellant's rights and carefully probed her understanding and consent to the plea agreement.   Appellant, however, challenges that portion of her plea agreement that involves the state's agreement to reduce or dismiss charges pending against appellant's co-defendant mother.   Appellant argues that the "package deal plea bargain" that the state offered her, and that she accepted, is inherently coercive.

{¶ 8}   Appellant cites several federal cases in support of her argument.   In *United States v. Tursi,* 576 F.2d 396, 398 (1st Cir.1978), the court stated that "special care must be taken to ascertain the voluntariness of" guilty pleas when lenient treatment is offered against third persons because of the possible danger of coercion.   In *Tursi*, the prosecution agreed to recommend a less severe sentence for the co-defendant son, but when the court did not accept the prosecution's recommendation, the defendant-mother challenged the plea.   The First Circuit held that, because the trial court warned the defendant before it accepted her plea that a sentencing recommendation will not bind a court, the record adequately demonstrated that the defendant should have understood that the recommendation is not a promise and the court found no coercion.   *Tursi* at 398.

{¶ 9}   Appellant also cites *Crow v. United States*, 397 F.2d 284 (10th Cir.1968).   In *Crow*, the defendant sought relief on grounds that officers threatened to prosecute another person

unless defendant pleaded guilty, that plea negotiations did occur, and that the defendant had been promised a lesser prison term if he cooperated. The court concluded that the transcripts of the arraignment and the sentencing hearings revealed that the court comprehensively questioned the defendant, thoroughly examined the voluntariness of the plea, and determined that the defendant's responses expressed a complete understanding of the situation and the willingness to plead guilty. However, the defendant had also alleged that the prosecution threatened to charge a third party with complicity if the defendant did not acknowledge his guilt. The 10th Circuit stated that, taken with the other allegations, the threat "may have had a coercive effect which controlled appellant's responses at the time of the plea." Thus, the court concluded that the defendant should have had a hearing on his motion for relief. *Crow* at ¶ 6.

{¶ 10} In *Johnson v. Wilson*, 371 F.2d 911 (9th Cir.1967), the appeal involved a denial of a petition for habeas corpus without an evidentiary hearing in which the petitioner alleged that the police threatened his pregnant wife with narcotics charges and further stated that their infant daughter would be placed with juvenile authorities. The court concluded that the petition sufficiently alleged that the guilty plea could have resulted from improper coercion. Although the *Johnson* court did not determine that the plea was invalid, the court did reverse the judgment to correct the district court's conclusion that *Cortez v. United States,* 337 F.2d 699 (9t Cir.1964) stands for the proposition that police threats or promises respecting members of an accused's family cannot invalidate a guilty plea.

{¶ 11} In *United States v. Nuckols*, 606 F.2d 566, 569 (5th Cir.1979), the defendant pleaded guilty to one count of conspiracy to distribute marijuana, but later filed a habeas corpus petition and claimed that his plea was invalid because the prosecuting attorney threatened his

wife with indictment.   The court noted that, not only did the defendant allege that such threats were made and that his attorney acted as a conduit for the communication of the threats, the government made "no effort specifically to deny that it threatened to indict appellant's wife." *Nuckols* at 569.   The court stated that "special care must be taken to ascertain the voluntariness of" guilty pleas entered in such circumstances [guilty pleas made in consideration of lenient treatment as against third persons]," *id,* citing *Tursi*.   The court then focused on threats to prosecute third persons, and could not definitively say whether the alleged threats against the defendant's wife were made in good faith.   Of note, the court wrote:

> "As a threshold matter, we see no intrinsic constitutional infirmity in broadening plea negotiations so as to permit third party beneficiaries.   It is generally within a prosecutor's discretion merely to inform an accused that an implicated third person 'will be brought to book if he does not plead (guilty) * * * If (an accused) elects to sacrifice himself for such motives, that is his choice * * *.' (Citation omitted).   Recognizing, however, that threats to prosecute third persons can carry leverage wholly unrelated to the validity of the underlying charge, we think that prosecutors who choose to use that technique must observe a high standard of good faith.   Indeed, absent probable cause to believe that the third person has committed a crime, offering 'concessions' as to him or her constitutes a species of fraud."

*Nuckols*, *id.*

{¶ 12} Appellant argues that in the case at bar the aforementioned federal cases support her assertion that she was unduly coerced to accept the package deal plea offer.   We, however, disagree with appellant's assertions.   Although our review indicates that the state did agree, in part, to reduce the charges against appellant's co-defendant mother as part of appellant's plea, this alone will not render appellant's plea as a coerced or involuntary plea.   Ohio appellate courts have previously addressed this issue.   For example, in *State v. Parham,* 11th Dist. Portage No. 2001-P-0017, 2012-Ohio-2833, the defendant filed a motion to vacate his guilty plea due to

"pressure from the court and to protect his family members from prosecution." *Parham* at ¶ 1. The court concluded that the state's decision to dismiss the charges against the defendant's mother and brother did not render the defendant's plea coerced or involuntary. The court wrote:

> Other appellate courts have also found that a plea is not coerced when a defendant pleads guilty in exchange for the dismissal of charges against his family members. *State v. Kesterson,* 2d Dist. No. 95CA39, 1996 WL 280753 (May 24, 1996) (holding that, although the defendant 'may have been given a choice between cooperating with the authorities or seeing his wife arrested,' this did not raise an issue as to whether his plea was voluntary); *State v. Vild* , 8th Dist. No. 69574, 1996 WL 492273 (Aug.29, 1996) (no coercion was found where appellant's plea was made in exchange for dismissal of charges against his family members).

*Parham* at ¶ 26. It is very important to recognize that "the difficulty of decisions defendants must often make in criminal cases does not necessarily render those decisions involuntary." *State v. Kesterson,* 2nd Dist. No. 95CA39, 1996 WL 280753 (May 24, 1996) at 4. In the case sub judice, we first point out that the appellant presented no evidence to show that the authorities lacked any legitimate basis to arrest her mother. Thus, the case at bar does not simply involve a threat to prosecute, but rather an offer to lessen the severity of valid charges lodged against an already charged and related co-defendant. Also, we find no allegation of a lack of probable cause with regard to appellant's co-defendant mother or bad faith on the part of the prosecution. Thus, this case involves an offer to reduce the charge of a legitimately-charged co-defendant, not some illusory promise of non-prosecution. Furthermore, our review of the transcript reveals a very thorough Crim.R. 11 hearing, with the assistance of counsel throughout. The trial court asked appellant "do you feel that this is in any way coercive? I mean forcing you to do this? Appellant responded "no." The trial court explicitly asked appellant if her plea was voluntary, to which appellant responded, "yes ma'am." In addition, appellant's counsel stated: "The first

thing that Ms. Mix said when I, when I met her and since this is a guilty plea I feel very fine saying what I'm about to say, was that she acknowledged her guilty [sic] and that she said her mother had nothing to do with it."

{¶ 13} Thus, after our review of the record we believe that appellant's plea was indeed a knowing, intelligent, and voluntary plea. Although the appellant had to make difficult decisions in this case with varying consequences, the issue is whether her plea was truly voluntary, knowing and intelligent. Based on the record before us, we do not believe appellant's will was overborne and her plea coerced.

{¶ 14} Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.