United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 1, 2006**

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 06-10067
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAMES LEE MCELHANEY

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
m 3:03-CR-370-ALL

_____

Before SMITH, WIENER, and OWEN,
  Circuit Judges.

JERRY E. SMITH, Circuit Judge:

   James McElhaney pleaded guilty to one count of a fifteen-count indictment for mail fraud, wire fraud, money laundering, and il-legal money transactions. He appeals the judgment of conviction on the ground that the district court should have granted his motion to withdraw his plea of guilty because it was entered involuntarily and because the indictment should have been dismissed under the Speedy Trial Act. Because the district court did not abuse its discretion in denying the mo-

tion to withdraw, and because McElhaney, by pleading guilty, waived any right to dismissal under the Speedy Trial Act, we affirm.[1]

## I.

In October 2003 McElhaney was indicted with his co-defendant, William Whisenant, on fifteen counts of fraudulent activities stemming from land transactions entered into by Triad Hospital while McElhaney was its vice-president. In support of his plea agreement, McElhaney stipulated through factual resume that he had "engaged in a scheme to defraud Triad by inserting fictitious fees and costs in [a] real estate transaction which benefitted him personally."

As elaborated in the resume, the fraud was accomplished by a "straw man" real estate transaction structure whereby Triad would pay an intermediary who would add approximately $750,000 to the purchase price of the land. Of this money, $50,000 was to be paid to the intermediary, the remainder to be split between McElhaney and Whisenant. McElhaney effected the transaction through wire transfer from Triad's accounts.

A fifteen-count superseding indictment was returned in January 2004. After Whisenant pleaded guilty in exchange for testifying against McElhaney, McElhaney entered into a plea agreement and, in September 2004, pleaded guilty to one count of the superseding indictment. The plea agreement contained a provision that immunized him and his family from tax-related prosecution.

At the rearraignment, McElhaney testified that he had read and signed the plea agreement and entered into it voluntarily and of his free will. He also said his guilty plea was not the product of force or threats. The magistrate judge recommended that the court accept the guilty plea, and the district court did so.

Nearly a year later, in August 2005, less than two weeks after learning that Whisenant had slipped into an irreversible coma, McElhaney filed a notice of intention to withdraw his plea. He asserted that he was innocent of the charge in count 5 for the reason that his conduct was authorized under Texas law as a "referral fee paid by one licensed broker to another licensed broker." *See* 22 TEX. ADMIN CODE § 535.148. He also contended that he had pleaded under duress, because the government had threatened his wife with prosecution for unrelated tax issues if he did not plead guilty.

The district court held a hearing at which McElhaney and his lawyer testified. After considering the factors laid out in *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984), the court concluded that "McElhaney [failed] to show a fair and just reason why his guilty plea should be withdrawn." *United States v. McElhaney*, 2005 WL 3148234, at

---

[1] McElhaney also contends that his plea should be withdrawn because he received ineffective assistance of counsel. Because this claim was not raised in the district court, it is not ripe for review. *See United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991) ("The general rule is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal unless it has been first raised before the district court . . . . Unless the district court has developed a record on the defendant's allegations, we cannot fairly evaluate the merits of the claim."). *See also United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987) ("We have undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allowed us to evaluate fairly the merits of the claim.").

*3 (N.D. Tex. 2005).

## II.

There is no absolute right to withdraw a guilty plea before sentencing, although a district court may allow it if the defendant can show "a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). The burden "rests with the defendant." *United States v. Brewster*, 137 F.3d 853, 857-58 (5th Cir. 1998). We will reverse the denial of a motion to withdraw only if the court abuses its "broad discretion." *Carr*, 740 F.2d at 344.

In *Carr*, *id.* at 343-44, we laid out an illustrative list of factors for deciding whether a fair and just reason exists for withdrawal:

(1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

Although this illustrative list should be considered, the ultimate decision should be based on the "totality of the circumstances." *Id.* at 344.

In arguing that he should be allowed to withdraw his plea, McElhaney relies principally on two of the *Carr* factors: the voluntariness of the original plea and his assertions of innocence. He claims that his plea was not voluntary because he was coerced by the threatened tax charges against his wife. He also argues that he has asserted his innocence throughout these proceedings and that he admitted to the factual resume underlying the original plea only because of coercion stemming from the government's threats.

"[G]uilty pleas made in consideration of lenient treatment as against third parties pose a greater danger of coercion than purely bilateral plea bargaining." *United States v. Nuckols*, 606 F.2d 566, 569 (5th Cir. 1979). Even so, there is no "intrinsic constitutional infirmity" in promising leniency to a third party in exchange for a guilty plea. *Id.* A prosecutor has discretion to "inform an accused that an implicated third person will be brought to book if he does not plead guilty." *Id.* The prosecutor has a duty of good faith in making such a representation, which duty is satisfied where he has probable cause to believe the third person has committed a crime. *Id.*; *United States v Diaz*, 733 F.2d 371, 375 (5th Cir. 1984).

*Diaz* illustrates these principles. There, the defendant challenged the voluntariness of his plea in a habeas corpus petition, claiming that the government had threatened to prosecute his siblings if he did not plead guilty. The court first noted that there is a "heavy burden" on a defendant who seeks to overcome an attestation of voluntariness in open court at a Federal Rule of Criminal Procedure 11 hearing. *Id.* at 374. The court concluded that even if such threats had occurred, the prosecutor had probable cause to bring charges against the defendant's siblings. The

defendant's plea "would not be involuntary by reason of a desire to extricate his relatives from such a possible good faith prosecution." *Id.* at 375.

Similarly, McElhaney attested to the voluntariness of his plea at his rearraignment and now claims only that his plea was influenced by a desire to extricate his wife from possible criminal charges. As the district court noted, however, "the record is devoid of evidence demonstrating that the Government had a bad faith basis for making such threat." *McElhaney*, 2005 WL 3148234, at *4. Where the prosecution has a good-faith basis to threaten charges against a third-party, a defendant's election to "sacrifice himself for such motives" is not a basis to challenge the voluntariness of the plea. *Nuckols*, 606 F.2d at 569.

Examining the remainder of the district court's analysis, we cannot say that the court abused its broad discretion to deny McElhaney's withdrawal motion. We need not parse each *Carr* factor but instead can look to the totality of the circumstances.

The court noted that McElhaney did not assert his innocence until nearly nine months after his guilty plea, and he delayed six weeks more before attempting to withdraw his plea. *See Carr*, 740 F.2d 339 (describing as "not promptly filed" a motion to withdraw filed twenty-two days after plea). The court also properly concluded that the likelihood of prejudice to the government is considerable where the withdrawal occurs after a key witness has become unavailable for trial. The court found that none of the other *Carr* factors cuts in McElhaney's favor. Given such a long delay, the possible prejudice to the government, and a lack of any considerations in McElhaney's favor, the court properly denied the motion to

withdraw his guilty plea.

### III.

McElhaney contends that his plea should be withdrawn and the indictment dismissed for violations of the Speedy Trial Act.[2] Title 18 U.S.C. § 1362(a)(2) provides that "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under [the Speedy Trial Act]." This language "manifestly provides" that the right to a speedy trial can be waived. *United States v. Hernandez*, 457 F.3d 416 (5th Cir. 2006). McElhaney failed to move for dismissal under the Speedy Trial Act before pleading guilty and has raised this claim for the first time on appeal. His right to dismissal is therefore waived.

AFFIRMED.[3]

---

[2] The Speedy Trial Act requires all trials in cases where a defendant does not plead guilty to "commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

[3] The motion to expedite appeal is DENIED as moot.

4