# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-50491
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RODOLFO OCHOA-CANO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1153-2

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Rodolfo Ochoa-Cano pleaded guilty, without a written plea agreement, to a four-count indictment charging him with conspiracy to import five kilograms or more of cocaine, importing five kilograms or more of cocaine, conspiracy to possess with intent to distribute five kilograms or more of cocaine, and possessing with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841, 846, 952(a), 960(a)(1) and (b)(1)(B), and 963. Ochoa-Cano was held responsible for 14.90 kilograms of cocaine found in a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concealed compartment in the dashboard of his van during an inspection at the Bridge of Americas Port of Entry in El Paso, Texas. Ochoa-Cano was sentenced to 120 months of imprisonment and a five-year term of supervised release.

He argues on appeal that the district court erred in denying his motions to withdraw his guilty plea. For the first time on appeal, Ochoa-Cano argues that following the 2002 amendment of the Federal Rules of Criminal Procedure, Rule 11(d)(2) no longer allows a district court any discretion in determining whether to permit the withdrawal of a guilty plea as long as the defendant can show a fair and just reason for requesting the withdrawal. Ochoa-Cano fails to cite to any caselaw in support of his argument, however. Moreover, neither this circuit's precedent nor the language of Rule 11 supports his assertion. United States v. McElhaney, 469 F.3d 382, 385 (5th Cir. 2007); see also FED. R. CRIM. P. 11(d)(2)), Advisory Committee Notes. Consequently, Ochoa-Cano has failed to demonstrate plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005) (citing United States v. Olano, 507 U.S. 725, 731–34 (1993)).

Ochoa-Cano also argues, as he did in the district court, that he asserted his innocence and has provided "fair and just" reasons in support of his motions to withdraw his guilty plea. Ochoa-Cano contends that an assertion made by his own sisters regarding an alleged statement by an investigating officer provides a "fair and just" reason for the withdrawal of his guilty plea. According to the sisters, an investigating officer told them that although the facts made Ochoa-Cano look guilty, he did not think Ochoa-Cano was guilty. Ochoa-Cano also contends that an affidavit from his co-defendant's cellmate also constitutes a "fair and just" reason for the withdrawal of his plea. The inmate attests that the co-defendant admitted that he lied to the Government about Ochoa-Cano's knowledge of the existence of the cocaine found in the van.

"There is no absolute right to withdraw a guilty plea, and the defendant bears the burden to establish a 'fair and just reason' for withdrawal." See United States v. Puckett, 505 F.3d 377, 382 (5th Cir. 2007), petition for cert. filed (Mar.

3, 2008) (No. 07-9712); FED. R. CRIM. P. 11(d)(2). A district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. See Puckett, 505 F.3d at 382 (citing United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003)). A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence. See United States v. Mann, 161 F.3d 840, 860 (5th Cir. 1998).

In evaluating the denial of a motion to withdraw a guilty plea under Rule 11(d), this court continues to consider whether: (1) the defendant has asserted his innocence; (2) withdrawal would prejudice the Government; (3) the defendant has delayed in filing his withdrawal motion; (4) withdrawal would substantially inconvenience the court; (5) close assistance of counsel was available; (6) the original plea was knowing and voluntary; and (7) withdrawal would waste judicial resources. United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984).

The district court conducted a thorough examination of Ochoa-Cano during the plea hearing. The district court repeatedly told Ochoa-Cano that he did not have to enter a plea of guilty and should not enter a plea of guilty if he believed he was innocent of the charges. Nevertheless, he admitted under oath that he was the owner of, and passenger in, the van in which drugs were being transported; he knew that drugs were in the van; and he knew that the drugs were going to be delivered to someone else once he crossed the United States border. The record demonstrates that his guilty plea was knowingly and voluntarily made. The record further demonstrates he had close assistance of counsel.

This court has previously noted that it "need not parse each Carr factor but can instead look to the totality of the circumstances" to determine whether the district court abused its discretion in denying a motion to withdraw a guilty plea. See United States v. McElhaney, 469 F.3d 382, 385 (5th Cir. 2007). Under the circumstances, Ochoa-Cano has not shown that the district court abused its

discretion in denying his motions to withdraw his guilty plea.  Accordingly, the judgment of the district court is AFFIRMED.