# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 2, 2013

No. 12-40795
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIE CORNELIUS GRAY,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 9:12-CR-2-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Willie Cornelius Gray challenges the district court's decision denying his motion to withdraw his guilty plea. A defendant may withdraw his plea before sentencing if he establishes "a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). Seven factors are relevant to the determination: (1) whether the defendant asserts his innocence, (2) whether the Government will be prejudiced, (3) whether the defendant delayed filing the motion, (4) whether withdrawal will "substantially inconvenience" the court, (5)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether the defendant had "close assistance" of counsel, (6) whether the plea was knowing and voluntary, and (7) whether withdrawing the plea will waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). We review the district court's decision for abuse of discretion. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). The "'court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence.'" *Id.* (quoting *United States v. Mann*, 161 F.3d 840, 860 (5th Cir. 1998)).

Gray acknowledges that his four-week delay in filing the motion to withdraw and the inconvenience to the court weighed against his motion. *See Carr*, 740 F.2d at 344-45. He also concedes that he received close assistance of counsel. *See id.* at 344. Although he suggests that his plea was unknowing and involuntary because he was "misinformed about certain matters," he was "confused about his guilty plea," and he "expressed reservations about his plea," he does not explain what he was misinformed or confused about or how it affected his decision to plead guilty. Nor does he refute the district court's finding that his attorney's advice was accurate and not misleading. Likewise, he does not address the district court's finding that it would waste judicial resources to block time for a new trial on the court's crowded docket and to reschedule the cancelled travel and lodging arrangements for Gray, two marshals, and chambers staff.

In addition, Gray highlights his own testimony that he understood the terms of the indictment, the plea agreement, and the factual resume, along with his testimony showing that he was competent to enter the plea. His solemn declarations in open court "carry a strong presumption of verity." *United States v. Adam*, 296 F.3d 327, 333 (5th Cir. 2002) (internal quotation marks and citation omitted).

Although Gray emphasizes that the Government would not be prejudiced and that he asserted his innocence, the mere "fact that the defendant has

asserted his innocence and the government will not suffer prejudice does not justify reversing the district court." *Carr*, 740 F.2d at 345. Gray argues that his questions about sentencing provided a fair and just reason for withdrawing the plea. He acknowledges, however, that sentencing concerns are not a factor under *Carr*, and he cites no authority for the proposition that a defendant's confusion about sentencing provides a basis for withdrawing his plea.

We find no abuse of discretion, as Gray has not shown that the district court denied the motion based on an error of law or a clearly erroneous factual finding. *See McKnight*, 570 F.3d at 645. The judgment of the district court is AFFIRMED.