# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10181
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHELE NICKI MYLES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-493-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Richele Nicki Myles appeals the district court's denial of her motion to withdraw her guilty plea to possession of a firearm in a federal facility with intent to commit an assault. Myles argues that she is actually innocent of intending to commit an assault and that her guilty plea was reluctant. The Government asserts that Myles's challenge to the district court's ruling is barred because her guilty plea contained a knowing and voluntary waiver of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10181

her right to appeal.  Myles counters that challenges to the validity of a guilty plea cannot be subject to an appeal waiver.  Because even an enforceable appeal waiver does not deprive this court of jurisdiction, we need not decide whether the waiver in this case bars Myles's challenge to the district court's ruling.  *See United States v. Story*, 439 F.3d 226, 230 (5th Cir. 2006).

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion.  *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).  A district court may permit a defendant to withdraw her guilty plea if the defendant demonstrates a fair and just reason for doing so.  *United States v. Brewster*, 137 F.3d 853, 857 (5th Cir. 1998).  In determining whether the defendant has made the requisite showing, the court should consider the seven factors of *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984), including whether she has asserted her innocence, whether she delayed in filing the motion to withdraw, whether she had the close assistance of counsel during the guilty plea, and whether the guilty plea was knowing and voluntary.  *Id.* at 343-44.  "We need not parse each *Carr* factor but instead can look to the totality of the circumstances."  *United States v. McElhaney*, 469 F.3d 382, 386 (5th Cir. 2006).

The record reflects that Myles affirmed repeatedly, both in a signed stipulation and under oath in court, that she was factually guilty of each element of the charged offense.  In finding Myles's assertions of innocence unpersuasive, the district court was entitled to rely on those solemn declarations over her initial statement to Army investigators that she did not intend to assault the victim.  *See United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009).  In any event, Myles merely "blankly asserts [her] innocence, providing no facts to support the change of heart."  *United States v. London*, 568 F.3d 553, 563 (5th Cir. 2009).

2

No. 15-10181

Additionally, Myles waited more than three months after the entry of her guilty plea to file her motion to withdraw, a fact she has admitted weighs against her. *See, e.g., United States v. Gray*, 717 F.3d 450, 451 (5th Cir. 2013). Myles further concedes that she enjoyed the close assistance of competent counsel in relation to her guilty plea. Finally, the transcript of Myles's rearraignment reflects that her guilty plea was intelligent, voluntary, and without equivocation or reticence. *See United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002).

Based on the totality of the circumstances, we conclude that the district court did not abuse its discretion in denying Myles's motion to withdraw her guilty plea. *See Powell*, 354 F.3d at 370. Accordingly, we AFFIRM.