# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60404

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

　　　　Plaintiff–Appellee,

v.

WALTER HAMPTON,

　　　　Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:11-CR-169

Before KING, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:*

　　Defendant–Appellant Walter Hampton pleaded guilty to conspiracy to distribute drugs and conspiracy to launder money. Twenty-two days later, Hampton filed a motion to withdraw his plea, which the district court denied. Hampton argues on appeal that the district court violated Federal Rule of Criminal Procedure 11 by accepting his plea and then abused its discretion in denying his motion to withdraw his plea. Because we find that both of his arguments lack merit, we AFFIRM.

---

　　* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60404

## I. BACKGROUND

On April 25, 2012, Hampton was indicted for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 ("Count 1") and conspiracy to launder drug proceeds in violation of 18 U.S.C. § 1956(h) ("Count 3").[1] After initially pleading not guilty, Hampton signed a plea agreement in which he agreed to plead guilty to both counts.

On November 5, 2012, Hampton appeared in court to plead guilty in accordance with the plea agreement. At the outset of the plea hearing, Hampton expressed doubt about entering his guilty plea. The court asked Hampton to confer with his attorney. After Hampton conferred with his counsel, Hampton's counsel explained that Hampton was ready to plead guilty to conspiracy to distribute drugs but that Hampton did not believe he conspired to launder money in the manner the Government alleged. The court then gave Hampton an opportunity to confer with his defense counsel and the prosecuting attorney in order to decide how he wanted to plead. After conferring, Hampton told the court that he wished to plead guilty to both counts. The court confirmed that Hampton was entering his plea voluntarily. Hampton then conferred with his attorney a third time and accepted the terms of the negotiated plea agreement. The court acknowledged that Hampton had expressed concern about the money laundering charge and again confirmed that Hampton's plea was knowing and voluntary as to that count. The court then accepted Hampton's guilty plea to both counts.

On November 27, 2012, twenty-two days after entering his guilty plea, Hampton filed a pro se letter with the district court seeking to withdraw his

---

[1] Count 2 of the indictment charged Hampton's co-conspirators but did not charge Hampton.

2

plea. At a hearing in January 2013, Hampton explained that he only pleaded guilty to Count 3 because his defense counsel advised him the court would not accept different pleas for each count. After reviewing Hampton's claims under the test set forth in *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984), the district court denied his motion. In May 2013, the court sentenced Hampton to concurrent terms of 205 months for each count. Hampton timely appealed.

## II. DISCUSSION

Hampton raises two issues on appeal. First, he argues that the district court violated Federal Rule of Criminal Procedure 11 by failing to ensure that his plea was made knowingly and voluntarily. Second, he argues the district court abused its discretion by denying his motion to withdraw his guilty plea.

### A.    Rule 11 Violation

As Hampton failed to raise a Rule 11 objection in the district court, we review this claim for plain error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004). "Plain error review requires the appellant to show (1) there is an error, (2) that is clear and obvious, and (3) that affects his substantial rights." *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc). If these are established, we retain discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citing *United States v. Olano*, 507 U.S. 725, 735–36 (1993)).

Rule 11 requires that the district court "inform the defendant of, and determine that the defendant understands . . . the right to plead not guilty." Fed. R. Crim. P. 11(b)(1)(B). The district court must also "determine that the plea is voluntary." Fed. R. Crim. P. 11(b)(2). To satisfy this obligation, the district court must conduct a colloquy and determine that "the defendant

understands what he is admitting and what the consequences of that admission may be, as well as that what he is admitting constitutes the crime charged, and that his admission is voluntarily made." *United States v. Rodriguez-DeMaya*, 674 F.2d 1122, 1125–26 (5th Cir. 1982) (quoting *United States v. Dayton*, 604 F.2d 931, 943 (5th Cir. 1979) (en banc)).

Hampton argues the district court erred by not advising him that he could plead separately to each count. Hampton asserts that he pleaded guilty to Count 3 only because his counsel advised him the court would not allow him to plead guilty to one count and not guilty to the other. Hampton likens his case to *United States v. Neal*, 509 F. App'x 302 (5th Cir. 2013), where we held that the district court violated Rule 11 when it told the defendant "[y]ou need to either plead guilty . . . or go to trial," as this may have implied the defendant's "choice was binary—that he could either plead guilty to all charges or go to trial on all charges." *Id.* at 305, 308–09.

Unlike *Neal*, however, the record here reveals the district court treated each count separately and confirmed that Hampton's plea to each count was knowing and voluntary. After Hampton confirmed that he was ready to plead guilty to Count 1 but had doubts about Count 3, the court asked Hampton to confer with his defense counsel and the prosecutor and decide how he would like to plead to Count 3 specifically. When Hampton returned and stated that he wanted to plead guilty to Count 3, the court asked, "Tell me what changed your mind about entering a plea to Count 3." Hampton replied: "Because I gave somebody $4,500, and that's the reason they said I money laundering." At the end of the colloquy, the court acknowledged that Hampton had raised concerns about pleading to Count 3 and confirmed again that Hampton's plea was knowing and voluntary with respect to that count.

Accordingly, the record does not support Hampton's claim that he was unaware of his right to plead separately to each count. The district court ensured that Hampton understood his rights in this regard and that he was knowingly and voluntarily pleading to each count. We therefore find that the district court committed no error, clear or otherwise, under Rule 11. As we find no error, we do not proceed to consider the remainder of the plain error analysis. *See Marek*, 238 F.3d at 315.

## B.    Motion to Withdraw Plea

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Badger*, 925 F.2d 101, 103 (5th Cir. 1991). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Mann*, 161 F.3d 840, 860 (5th Cir. 1998).

A defendant may withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The district court has "broad discretion" in making this determination. *Carr*, 740 F.2d at 344 (quoting *United States v. Morrow*, 537 F.2d 120, 146 (5th Cir. 1976)). "There is no absolute right to withdraw a guilty plea," *United States v. McElhaney*, 469 F.3d 382, 385 (5th Cir. 2006), and "the defendant has the burden of proving the withdrawal is justified," *Carr*, 740 F.2d at 344. In *Carr*, we explained the following non-exclusive factors should be considered in deciding whether a withdrawal would be fair and just:

> (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience

No. 13-60404

the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

*Id.* at 343–44 (footnotes omitted). When applying these factors, the district court should consider the "totality of the circumstances." *Id.* at 344.

The district court found that while Hampton had asserted his innocence as to Count 3, the remaining *Carr* factors weighed against allowing him to withdraw his plea. The district court explained that it had conducted a thorough and careful colloquy with Hampton, had allowed Hampton to confer with his counsel, and had made "multiple inquiries" to ensure Hampton entered a knowing and voluntary plea.

Hampton contends that the district court erred in finding that factors two through seven of the *Carr* test weighed against him. Having reviewed the record and arguments carefully, we conclude that the district court's analysis of these factors was reasonable. The district court was therefore within its "broad discretion" in denying Hampton's motion to withdraw his plea.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.