# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11548
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENITO LEE PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:15-CR-85-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Benito Lee Perez pleaded guilty pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Six weeks after entering his guilty plea and after the district court accepted the plea, Perez moved to withdraw it, arguing that his motion should be granted because "his plea was not voluntary." He did not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

elaborate further, but he urged the court to grant a hearing on his motion so that he could "express to the [c]ourt his reasons for requesting [to] withdraw his guilty plea." At sentencing, the district court stated that it had considered the factors outlined in *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984), and concluded that Perez's motion to withdraw his guilty plea should be denied. Perez now challenges the district court's denial of his motion to withdraw his guilty plea and its decision to do so without holding a hearing on the motion.[1]

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). When determining whether to allow a defendant to withdraw his guilty plea, the district court should consider whether (1) the defendant has asserted his innocence, (2) withdrawal would prejudice the Government, (3) the defendant delayed in filing the withdrawal motion, (4) withdrawal would substantially inconvenience the court, (5) close assistance of counsel was available, (6) the plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343-44.

Perez's assertion that his guilty plea was involuntary directly contradicted his plea colloquy where he stated that he was pleading guilty because he was guilty and affirmed that no one had threatened him or made promises to induce him to plead guilty. A defendant's solemn declarations in open court carry a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In his motion to withdraw his guilty plea, Perez did not assert his innocence. Though he speculates that he might have asserted his innocence

---

[1] We need not determine whether the appellate waiver provision in Perez's plea agreement bars this appeal because the Government does not seek to enforce it. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) ("In the absence of the [G]overnment's objection to Story's appeal based on his appeal waiver, the waiver is not binding because the [G]overnment has waived the issue").

had the district court granted a hearing on his motion, such speculation is not an assertion of innocence. Perez also waited six weeks after pleading guilty to file his motion and did not offer any reason for the delay. Perez acknowledges that this court has previously held that a delay of even four weeks weighed against granting a motion to withdraw. ECF 21, 24; *United States v. Gray*, 717 F.3d 450, 451 (5th Cir. 2013) (per curium); *see also United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994) (stating that a six-week delay between the entry of the plea and the motion to withdraw was significant). Perez does not address the district court's conclusion that the remaining *Carr* factors weighed against granting the motion; therefore, he has waived any argument with respect to the court's consideration of those factors. *See United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("[A]rguments must be briefed to be preserved"); FED. R. APP. P. 28(a)(8).

Given the facts of this case, Perez has failed to demonstrate a fair and just reason for the withdrawal of his guilty plea, and the district court did not abuse its discretion in denying the motion. *See* FED. R. CRIM. P. 11(d)(2)(B); *McKnight*, 570 F.3d at 645.

Perez also challenges the district court's failure to hold an evidentiary hearing on his motion to withdraw his guilty plea. He points out that the motion presented by his attorney offered little in the way of analysis, and he asserts that an evidentiary hearing was necessary to develop the reasons supporting the motion.[2]

---

[2] To the extent that Perez's complaint about his attorney's efforts in drafting the motion to withdraw can be read as a claim of ineffective assistance of counsel, such a claim was not presented to the district court, and the record is not sufficiently developed for its consideration on direct appeal. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (stating that, except in rare circumstances, "claims of ineffective assistance of counsel should not be litigated on direct appeal, unless they were previously presented to the trial court").

No. 16-11548

A district court's decision not to hold an evidentiary hearing on a motion to withdraw a guilty plea is reviewed for an abuse of discretion. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). While a defendant is not entitled to a hearing, "a hearing is required when the defendant alleges sufficient facts which, if proven, would justify relief." *Id.* (internal quotation marks and citation omitted).

As detailed above, Perez has not shown that any of the factors favored withdrawal of his guilty plea and, therefore, has not shown a fair and just reason for withdrawing his plea. Accordingly, he has not alleged sufficient facts, which, if proven, would justify relief, nor has he shown that the district court abused its discretion by not holding a hearing. *See id.*

The judgment of the district court is AFFIRMED.

4