# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41262
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

DERRICK L. JIMERSON,

     Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CV-523

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

     Derrick Jimerson, a federal prisoner proceeding pro se, seeks to vacate his mail- and wire-fraud conspiracy conviction. He contends that the government coerced him into pleading guilty by threatening to charge his mother with perjury if he took the case to trial. The district court denied Jimerson's motion without conducting an evidentiary hearing. We conclude

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41262

that because Jimerson fails to point to any indicia beyond his own conclusory allegations that the government made these threats in bad faith, the district court properly exercised its discretion in denying Jimerson an evidentiary hearing. Accordingly, we AFFIRM.

## I.

The government accused Jimerson and two codefendants of defrauding multiple insurance companies by submitting a series of claims for damages arising from fictitious automobile accidents. Jimerson entered into a written plea agreement with the government. As part of the agreement, Jimerson waived his right to appeal or collaterally attack his conviction. He further acknowledged that his plea was voluntary and that he did not enter the agreement in response to any threats. At his plea hearing, Jimerson again confirmed that his plea was "freely and voluntarily made" and that no one forced him, threatened him, or made any promises beyond those discussed in the plea agreement. The district court accepted Jimerson's plea and later sentenced him to 137 months in prison.

Jimerson did not appeal. Proceeding pro se,[1] he filed the instant 28 U.S.C. § 2255 motion to vacate his conviction. Jimerson asserted that prosecutors improperly coerced him into pleading guilty by threatening to charge his mother with perjury. He also argued that his counsel was ineffective in failing to secure a lower sentence for him and failing to appeal.

A magistrate judge recommended dismissing Jimerson's petition. The magistrate judge concluded that Jimerson's coercion claim could only succeed if prosecutors did not have probable cause to charge Jimerson's mother with perjury, which Jimerson did not allege. The magistrate judge further

---

[1] Jimerson retained counsel after filing his § 2255 motion. Counsel filed a reply to the government's response in opposition to the motion and filed objections to the magistrate judge's report and recommendations. Counsel does not represent Jimerson on appeal.

No. 16-41262

concluded that Jimerson's collateral-attack waiver barred his ineffective assistance of counsel claims. Jimerson objected to the magistrate judge's report and recommendations. He argued through counsel that (1) he was at least entitled to an evidentiary hearing to determine whether prosecutors acted in bad faith when they threatened to charge his mother and (2) his waiver did not cover ineffective assistance of counsel claims that arose after his plea.

The district court overruled Jimerson's objections, adopted the report and recommendation, and dismissed Jimerson's § 2255 motion. Jimerson requested a certificate of appealability from this court, which we granted on the sole issue of whether the district court should have held an evidentiary hearing to determine whether prosecutors threatened Jimerson's mother in bad faith.

## II.

We review for abuse of discretion a district court's decision to deny a § 2255 movant an evidentiary hearing. *See United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006). A § 2255 movant is only entitled to an evidentiary hearing "if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (alteration in original) (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008)). Neither "[c]onclusory allegations" nor "speculative and unsupported accusations of government wrongdoing" will suffice to carry the movant's burden. *Id.* at 373-74; *see also Edwards*, 442 F.3d at 266-67 (denying evidentiary hearing because record contained no evidence corroborating movant's allegation that government's witness entered undisclosed civil-immunity agreement); *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (denying evidentiary hearing because record contained no evidence corroborating movant's allegation that government knowingly used perjured testimony at trial).

3

No. 16-41262

"[A] prisoner 'may not ordinarily repudiate' statements made to the sentencing judge when" entering a guilty plea. *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)). Such statements "carry a strong presumption of verity"; although no per se rule prevents a prisoner from subsequently repudiating them, the prisoner must wield specific factual allegations to do so. *Id.* at 74-76.

In negotiating a guilty plea, "threatening prosecution of a third party family member is not itself legally wrong." *United States v. Diaz*, 733 F.2d 371, 375 (5th Cir. 1984). But because threats of third-party prosecution "pose a greater danger of coercion than purely bilateral plea bargaining, . . . 'special care must be taken to ascertain the voluntariness of' guilty pleas entered in such circumstances." *United States v. Nuckols*, 606 F.2d 566, 569 (1979) (quoting *United States v. Tursi*, 576 F.2d 396, 398 (1st Cir. 1978)). Accordingly, although "[i]t is generally within a prosecutor's discretion merely to inform an accused that an implicated third person 'will be brought to book if he does not plead [guilty]' . . . prosecutors who choose to use that technique must observe a high standard of good faith." *Id.* (quoting *Kent v. United States*, 272 F.2d 795, 798 (1st Cir. 1959)). In other words, prosecutors may leverage potential charges against a defendant's family member during plea bargaining provided they have probable cause to bring the threatened charges. *See United States v. McElhaney*, 469 F.3d 382, 385 (5th Cir. 2006); *Diaz*, 733 F.2d at 375; *Nuckols*, 606 F.2d at 569.

Here, Jimerson's conclusory allegations that the government made bad-faith threats to prosecute his mother for perjury are not enough to warrant an evidentiary hearing, especially in light of his attestation under oath that he entered his plea voluntarily and free of threat. In support of his allegations, Jimerson submitted an affidavit stating that he only pleaded guilty because prosecutors threatened to charge his mother with perjury. Even assuming this

4

affidavit sufficiently establishes that prosecutors threatened to charge Jimerson's mother, it says nothing about whether they lacked probable cause to do so or otherwise made that threat in bad faith. None of the other affidavits Jimerson submitted below make any mention of any threats (made in bad faith or otherwise) to prosecute Jimerson's mother. Accordingly, the record contains no "independent indicia" suggesting that Jimerson is entitled to relief under § 2255, and the district court therefore acted within its discretion in denying Jimerson's motion without an evidentiary hearing. *Cf. McElhaney*, 469 F.3d at 386 (affirming denial of defendant's request to withdraw guilty plea in part because defendant "attested to the voluntariness of his plea" and record was "devoid of evidence demonstrating that the Government had a bad faith basis" for threatening to charge defendant's wife (quoting *United States v. McElhaney*, No. 3:03-CR-370-L, 2005 WL 3148234, at *4 (N.D. Tex. Nov. 17, 2005))).

## III.

For the foregoing reasons, we AFFIRM.