Robert Lee BARNES,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 78–1484
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 1978.

Robert Lee Barnes, pro se.

William L. Harper, U. S. Atty., Atlanta, Ga., for respondent-appellee.

---

* Rule 18, 5 Cir.; see Isbell Enterprises Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Before MORGAN, CLARK and TJO-FLAT, Circuit Judges:

## CHARLES CLARK, Circuit Judge:

Robert Lee Barnes appeals the district court's denial of his motion to vacate sentence under 28 U.S.C.A. § 2255. Barnes contends that counsel's misrepresentations to him induced him to plead guilty with the understanding that he would receive a single four-year prison sentence rather than the two consecutive four-year terms actually imposed by the district court. On appeal, Barnes challenges the adequacy of the hearing he received on his motion in the district court. Finding that Barnes has failed to meet the burden of showing his entitlement to Section 2255 relief, we affirm.

Barnes pled guilty to one count of a two count indictment for interstate transportation of a stolen motor vehicle in violation of 18 U.S.C.A. § 2313 and one count of a three count indictment[1] for conspiracy to possess stolen goods moving in interstate commerce, a violation of 18 U.S.C.A. § 659. Barnes contends that the agreement contained a promise that he would serve only four years in prison. The district judge imposed consecutive four-year sentences on each count for a sentence totaling eight years. Paul Cobb, Barnes' original attorney, could not be in court when Barnes pled. David Bohannon, an attorney practicing with Cobb, went in his stead. Barnes contends that Bohannon told him that the government had agreed that he would receive a prison term of only four years in return for a plea of guilty.

The district court ordered an evidentiary hearing before a magistrate on Barnes' Section 2255 motion. Prior to the hearing, the district court required Barnes, as a condition for further proceedings on his motion, to submit his written statement of the facts surrounding his plea under penalty of perjury. Retained counsel represented Barnes at the hearing, but Barnes himself did not appear. The transcript of the plea-taking proceedings on its face supported the government's contention that a four-year term never was part of the plea bargain. Roy C. Etheridge, Barnes' former employer, testified, to the contrary, that, prior to Barnes' entering a plea, he overheard a conversation between Barnes and Bohannon in the hallway of the courthouse in which Bohannon told Barnes that he would get only a four-year sentence if he would plead guilty. Both Bohannon and Cobb testified for the government. According to Bohannon, his conversation with Barnes about the guilty plea did not take place in the hallway as Etheridge testified, but rather in a vacant courtroom where no one was present except Barnes and himself. Both Cobb and Bohannon testified that they never had told Barnes that the prosecutor had agreed to a sentence limited to four years as part of the plea bargain. In his pleadings, Barnes stated that his wife and a friend of his had also overheard the hallway conversation. Barnes' retained counsel represented at trial that these witnesses could not be located.

 Liberally construing Barnes' *pro se* briefs, we understand him to contend that the district court did not give him a hearing adequate to bring forth the facts that would show his entitlement to relief. First, Barnes challenges his hearing because he was not himself present. A defendant need not be present in the courtroom for a district court to hold a hearing and rule on a Section 2255 motion. 28 U.S.C.A. § 2255. Even when the district judge denies a petitioner's request to be present, we review his decision only to determine abuse of discretion. In the case at bar, however, the record does not show that the defendant ever asked to testify personally. The transcript of the hearing before the magistrate indi-

---

1. At the plea-taking proceedings, both Barnes' attorney and the prosecutor referred to this latter indictment as a four count indictment. The indictment in the record bearing the same reference number contains only three counts. The colloquy between the attorneys indicates that they were referring to this indictment. Neither party discusses this discrepancy and we cannot see that it has any relevance to this appeal.

cates that Barnes' retained counsel sought the government's agreement to stipulate that Barnes, if called, would testify to the facts set forth in his pleadings. In fact, it was the government's attorney, and not Barnes' retained counsel, who was initially unwilling to allow the hearing to proceed unless Barnes were present to submit to questioning. Under these circumstances, we find no error in Barnes' absence.

■ Second, Barnes challenges the adequacy of the hearing because his wife and a friend of his, both of whom Barnes contended had overheard his alleged hallway conversation with Bohannon, were not present as witnesses. At hearing, Barnes' retained counsel told the magistrate that these witnesses could not be located. Under Section 2255, Barnes had the burden of showing that he was entitled to relief. *Coon v. United States*, 441 F.2d 279 (5th Cir.), *cert. denied*, 404 U.S. 860, 92 S.Ct. 160, 30 L.Ed.2d 103 (1971), and he cannot charge as error his own failure to produce the witnesses necessary to support his motion.

■ Nothing on the face of the record of the plea-taking proceeding produced pursuant to Rule 11, Fed.R.Crim.P., suggests the existence of the separate bargain alleged by Barnes. Where, from the transcript, the plea-taking proceedings are clear and regular on their face, a petitioner asserting the existence of a bargain outside the record and contrary to his own statements under oath bears a heavy burden. *Bryan v. United States*, 492 F.2d 775, 780 (5th Cir.) (*en banc*), *cert. denied*, 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974); *cf. Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Petitioner has not met that burden in the case at bar. Accordingly the judgment of the district court denying Barnes' Section 2255 motion to vacate sentence is

AFFIRMED.