[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 29, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13443
Non-Argument Calendar

_____

D. C. Docket Nos.
97-08050-CV-B-M
94-00106-CR-B-M

RAYMON GLENN OVERDEAR,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(December 29, 2006)**

Before BIRCH, CARNES  and BARKETT, Circuit Judges.

PER CURIAM:

Raymon Glenn Overdear appeals the denial of his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. The district court granted a certificate of appealability for Overdear limited to the following issue: "Whether the Government knowingly used perjured/false testimony of a witness, James Tony Hunter, such that he was denied the constitutional right to due process."

Specifically, Overdear claims that the government permitted a witness at his trial to testify falsely that a drug transaction involving Overdear occurred in late June or early July of 1989, which helped establish that an overt act had occurred within five years of the date of the superceding indictment. Overdear argues that the same witness gave contradictory testimony in the earlier trial of another drug dealer not implicated in the case before us.

When reviewing a district court's denial of a § 2255 motion, we review questions of law de novo and findings of fact only for clear error, Varela v. United States, 400 F.3d 864, 867 n.3 (11th Cir. 2005), keeping in mind that the movant has the burden of establishing that he is entitled to relief under § 2255, Barnes v. United States, 579 F.2d 364, 365 (5th Cir. 1978).

Presentation of testimony that the prosecution knows or should know is false may violate a defendant's right to due process. Giglio v. United States, 405

U.S. 150, 153, 92 S. Ct. 763, 763 (1972); Napue v. Illinois, 360 U.S. 264, 268–70, 79 S. Ct. 1173, 1177 (1959). The false testimony, however, must be "material" for its presentation to violate due process. Grossman v. McDonough, 466 F.3d 1325, 1342 n.14 (11th Cir. 2006). False testimony is "material" if it "could . . . in any reasonable likelihood have affected the judgment of the jury." Giglio, 405 U.S. at 153, 92 S. Ct. at 763.

However, "[a] mere claim that a witness gave inconsistent testimony is not enough to charge the prosecution's knowing use of false testimony; it may well be that the witness' subsequent statements were true, in which event the claim of inconsistency is not a constitutional objection." Price v. Johnston, 334 U.S. 266, 288, 68 S. Ct. 1049, 1062 (1948), overruled on other grounds by McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454 (1991).

We held in Hays v. State of Alabama, 85 F.3d 1492, 1499 (11th Cir. 1996), that due process was not violated in that case by the presentation of a co-conspirator's testimony, even though it was inconsistent with his own testimony in an earlier proceeding. We explained that:

> [T]here has been no showing that Knowles's later, rather than earlier, testimony was false; and the circumstances of Knowles's testimony . . . indicate it is likely the former was untrue. Because [the movant] can cite no case holding that a plea testimony must be consistent with later testimony, use of [co-conspirator's] testimony did not violate due process.

3

Id. at 1499.

We conclude that Overdear has not established his entitlement to § 2255 relief. He has not proven that Hunter's testimony was false. Nor has he proven that, even if false, the testimony willfully made, rather than the "result of confusion, mistake, or faulty memory," see Diaz, 190 F.3d at 1256 (citation omitted), or that it was "material," see Giglio, 405 U.S. at 153, 92 S. Ct. at 763.

As the magistrate judge noted, the record here does not compel a finding that Hunter's testimony in the two trials was inconsistent. His testimony in the first trial can reasonably be interpreted as an acknowledgment that, although the June/July 1989 trip did not result in the transportation of any drugs, a later trip soon thereafter did. This finding is further supported by the testimony of another drug dealer offered in this case who testified that he "did a deal" with Hunter in July or August of 1989. Additionally, Hunter provided a statement on August 29, 1991, only two years after the June/July trip, that the last time he sold drugs to Overdear was in August of 1989.

Hunter's testimony at the two trials can be consistently interpreted as to the material fact that he delivered marijuana to Overdear in Alabama during July or August of 1989, satisfying the five-year statute of limitations, which ran from the date of the superceding indictment on June 8, 1994. Hunter had no reason to lie

4

about one date in favor of the other, and any difference between the delivery date being in late June or being later than that is immaterial. There is no way that any difference between the dates would, "in any reasonable likelihood have affected the judgment of the jury." See Giglio, 405 U.S. at 153, 92 S. Ct. at 763.

Accordingly, we affirm the district court's denial of the § 2255 motion.

**AFFIRMED.**