# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 12, 2020

Lyle W. Cayce
Clerk

No. 18-30943

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

FRED DOUGLAS BROOKS, III, also known as PJ Brooks,

      Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-86-1

Before ELROD, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:*

      Fred Douglas Brooks, III challenges his conviction and sentence. Because Mr. Brooks fails to demonstrate that he was deprived of the right to an attorney of his choosing or that his plea was not knowing and voluntary, we AFFIRM his conviction. However, we VACATE and REMAND for resentencing.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30943

I.

Fred Douglas Brooks, III pleaded guilty to one count of conspiring to distribute one kilogram or more of heroin and one count of conspiring to commit money laundering. At re-arraignment, the district court determined Mr. Brooks's plea was knowing and voluntary and accepted the plea agreement. Mr. Brooks specifically stated that the plea set forth in the written plea agreement constituted his entire agreement with the Government, that no one promised him anything, other than as set forth in the plea agreement, to induce his guilty plea, and that no one threatened him or forced him to plead guilty.

Before sentencing, the government requested a downward departure because of Mr. Brooks's cooperation. The request was that Mr. Brooks be sentenced to 216 months. Mr. Brooks filed a sentencing memorandum in which he claimed that the prosecutors had stated, before the pleas were entered, that the Government would try to get him a ten-year sentence. Julie Tizzard, Mr. Brooks's counsel, also acknowledged in the memorandum that she had heard the prosecutors mention the ten-year objective. The government denied any ten-year goal.

At sentencing, Tizzard again brought up the alleged representations of a ten-year goal. The district court observed that at re-arraignment it had told Mr. Brooks he faced a minimum of twenty years to life, and Mr. Brooks said he understood. The court also explained that when they asked Mr. Brooks whether anyone, including his own attorney, "had promised him what his sentence would be," Mr. Brooks said no. The district court then sentenced Mr. Brooks to concurrent 216-month prison sentences, ten years of supervised release on the drug trafficking conviction, and three years of supervised release on the money laundering conviction. At sentencing, the district court asked the government whether the case involved forfeiture. The assistant United States

No. 18-30943

attorney answered that "[t]here may well be . . . but I think some of it was pursued in Maryland. We will file any appropriate motions if necessary." The district court never orally pronounced forfeiture, but the written judgment ordered forfeiture consistent with the superseding indictment.

After sentencing, Mr. Brooks told the court he wanted to appeal. The district court directed Ms. Tizzard to file a notice of appeal. never did. About one year later, Mr. Brooks retained new counsel who filed a § 2255 motion on his behalf alleging that he was denied "the right to counsel of choice" and that Ms. Tizzard had rendered ineffective assistance of counsel by advising him to accept the plea agreement and failing to file a notice of appeal. An affidavit by Ms. Tizzard was attached to the motion as an exhibit. The district court held an evidentiary hearing in which Mr. Brooks and Ms. Tizzard testified regarding Mr. Brooks's alleged request for an appeal.

The district court found that Ms. Tizzard failed to appeal as Mr. Brooks desired. It granted Mr. Brooks an out-of-time appeal by ordering re-entry of judgment with a date of August 2, 2018. Because the district court considered the remaining § 2255 claims premature, no argument was entertained about the other issues raised in the motion and they were dismissed without prejudice. Mr. Brooks then appealed from the new final judgment.

II.

Mr. Brooks raises four claims on appeal.  He challenges his conviction arguing that the government interfered with his right to retain counsel of his own choosing and that his plea was not knowing and voluntary because it was based on an unkept promise of a ten-year goal. He also challenges his sentence, asserting that the district court violated Federal Rule of Criminal Procedure 32.2 when it failed to orally pronounce forfeiture at sentencing, and that his trial counsel was ineffective by failing to contest criminal forfeiture. We affirm Mr. Brooks's conviction, vacate and remand to the district court for

No. 18-30943

resentencing, and determine that his ineffective assistance of counsel claim is moot.

### A.

The first issue Mr. Brooks raises is that the government interfered with his right to retain counsel of his own choice. Mr. Brooks concedes that we review this unpreserved issue for plain error. *See United States v. Ebron*, 683 F.3d 105, 129 (5th Cir. 2012). "To succeed on plain error review, an appellant must show (1) a forfeited error, (2) that is clear or obvious, and (3) that affects [his] substantial rights." *United States v. Cordova-Soto*, 804 F.3d 714, 722 (5th Cir. 2015).

Mr. Brooks claims that he had planned to hire his own private attorney to represent him in his trial. But he says that the prosecution threatened him and forced him to accept appointed counsel, violating his Sixth Amendment rights. *See Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 626 (1989) (explaining that the Sixth Amendment includes an individual's right to "spend his own money to obtain the advice and assistance of counsel" (internal quotation marks omitted)); *Wheat v. United States*, 486 U.S. 153, 159 (1988).

Mr. Brooks's argument fails because he has not demonstrated a "clear or obvious" error. The statement that Mr. Brooks describes in his brief—that he had to accept an appointed attorney or suffer adverse consequences—is not reflected in the evidence he cites: Ms. Tizzard's affidavit and testimony. Neither account describes a threatened consequence. Ms. Tizzard testified at the evidentiary hearing that "[a]t that initial meeting, one of the people that were present was a U.S. attorney from Baltimore. That U.S. attorney from Baltimore basically looked at [Mr. Brooks] and said, 'You can't hire your own attorney.'" And in her affidavit, Ms. Tizzard similarly stated that: "The AUSA from Baltimore informed Mr. Brooks . . . that he was not to hire a private lawyer." Neither account includes a threatened consequence.

4

No. 18-30943

Moreover, Mr. Brooks stated under oath at his arraignment that he understood he had the right to retain and compensate an attorney of his choice. And, further to his detriment, Mr. Brooks can point to no plain error case involving a claim of an intentional Sixth Amendment violation substantially similar to the claim in the instant case. *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010) (explaining that a claim that is "not entirely clear under the existing case authority" is "doom[ed]" under plain error review (internal quotation marks omitted)); *see also United States v. Dominguez-Benitez*, 542 U.S. 74, 83 n.9 (2004) (stating that relief under the plain-error standard is "difficult to get, as it should be").

The lack of a present threat despite Mr. Brooks's claim that he was "threatened," the contradiction between his argument on appeal and his statement at re-arraignment, and the lack of any existing case authority precludes Mr. Brooks from demonstrating plain error. *See United States v. Guzman-Reyes*, 853 F.3d 260, 266 (5th Cir. 2017) ("[Defendant's] contention that the district court had an improper, off-the-record discussion with probation officers is speculative at best, given that the contents of the discussion are not in the record. This unsupported, speculative contention does not demonstrate reversible plain error.").

## B.

The second issue Mr. Brooks raises on appeal is that his guilty pleas were not knowing and voluntary because they were induced by a promise of a ten-year sentence that did not materialize. He asks for relief from his plea bargains and convictions. We review a claim of breach of a plea agreement de novo. *United States v. Loza-Garcia*, 670 F.3d 639, 642 (5th Cir. 2012).

Mr. Brooks has not presented sufficient evidence supporting the alleged ten-year promise to overcome his sworn declarations at his plea colloquy. A defendant's "solemn declarations in open court" concerning the knowing and

5

voluntary nature of the plea "carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (quoting *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001)). At his plea colloquy, the district court asked Mr. Brooks whether "[o]ther than what's contained in your plea agreement, [had] anyone made any promises that made you decide to . . . plead guilty," to which Mr. Brooks answered "[n]o, Your Honor." He was also asked if he understood that under Count 1 he faced a mandatory minimum sentence of twenty years and a maximum of life, to which he responded "Yes, I do, sir."

Mr. Brooks concedes that his argument is inconsistent with the statements he made during his plea colloquy. While this "is not an absolute bar to his contentions here, . . . it imposes upon him a 'heavy burden.'" *United States v. Nuckols*, 606 F.2d 566, 569 (5th Cir. 1979) (quoting *Barnes v. United States*, 579 F.2d 364, 366 (5th Cir. 1978)). Mr. Brooks cannot meet this burden. In support of his contention that a "ten-year promise" was made, Mr. Brooks relies on Ms. Tizzard's affidavit and testimony from the § 2255 hearing. In the affidavit, Ms. Tizzard testifies that she heard the AUSAs describe a ten-year goal and that she believed the AUSAs would recommend a ten-year sentence. At the hearing, Ms. Tizzard testified that once she asked an AUSA "what he [foresaw], . . . and [that] he represented to [Ms. Tizzard] that [the Government was] going to attempt to get [Mr. Brooks] a sentence of around 10 years." But Ms. Tizzard also testified that the AUSA said that he could not "commit to that."

While Ms. Tizzard's testimony indicated that she believed that the government had a goal of a ten-year sentence, it specifically contradicts Mr. Brooks's allegation that the AUSA had *promised* a ten-year sentence. This evidence is insufficient to overcome the strong presumption of verity of Mr.

No. 18-30943

Brooks's sworn statements in his plea colloquy. Therefore, we hold that Mr. Brooks's conviction was not the result of an unconstitutional guilty plea.[1]

C.

Mr. Brooks also argues that the district court violated Rule 32.2 of the Federal Rules of Criminal Procedure by failing to orally pronounce forfeiture at sentencing. Mr. Brooks could not have raised the issue in the district court, as he "had no opportunity at sentencing to consider, comment on, or object to [matters] later included in the written judgment" that were absent from the oral pronouncement. *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).[2] Therefore, despite Mr. Brooks not raising the district court's noncompliance with Federal Rule of Criminal Procedure 32.2 prior to appeal, we review this issue for an abuse of discretion. *Id.*

Federal Rule of Criminal Procedure 32.2 sets forth the procedures to be followed before a district court may enter a forfeiture judgment in a criminal case. *See United States v. Marquez*, 685 F.3d 501, 509 (5th Cir. 2012). The indictment must provide the defendant with notice that the Government intends to seek forfeiture. Fed. R. Crim. P. 32.2(a). Next, "[a]s soon as practical" after the guilty plea, the court must determine the property subject to forfeiture and decide "whether the government has established the requisite nexus between the property and the offense." *Id.* 32.2(b)(1)(A). And then, the court "must promptly enter a preliminary order of forfeiture," generally in

---

[1] Mr. Brooks asks, in the alternative, that the court "remand his case for an evidentiary hearing on the breach of the plea agreement issues presented in his sentencing memorandum." As he cites no basis in law for issuing this type of relief, we do not grant his request.

[2] We acknowledge that we heard *en banc* oral argument in *United States v. Diggles*, 928 F.3d 1120 (5th Cir. 2019) (mem.), on September 25, 2019. We note that the issue in the *Diggles* case is distinct from the issue here. The oral pronouncement of forfeiture is a separate question governed by procedural rules regarding forfeiture in Federal Rules of Criminal Procedure 32.2.

advance of sentencing describing the property to be forfeited. *Id.* 32.2(b)(2)(A). The preliminary order becomes final to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." *Id.* 32.2(b)(4)(A). "The court must include forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing." *Id.* 32.2(b)(4)(B). The procedures under Rule 32.2 "are not empty formalities" and instead "serve a vital function in ensuring that a defendant has notice of a criminal forfeiture and an opportunity to challenge any forfeiture sought by the government." *Marquez*, 685 F.3d at 509. Thus, they are "mandatory." *Id.*

Here, the district court's oral pronouncement of Mr. Brooks's sentence did not include forfeiture. However, forfeiture was included in the written judgment. Given the clear requirements of Rule 32.2(b)(4)(B), it is apparent on the record that the district court made a legal error by failing to announce forfeiture at sentencing. Therefore, we vacate the sentence and remand to the district court for resentencing. *See United States. v. Sharma*, 703 F.3d 318, 327 (5th Cir. 2012).

### D.

Mr. Brooks's final issue raised on appeal is that his trial counsel was ineffective for failing to contest criminal forfeiture. Because we vacate the forfeiture imposed in the written judgment and remand to the district court for resentencing, his claim for ineffective assistance is moot. *See United States v. Whittington*, 269 F. App'x. 388, 403 (5th Cir. 2008) ("Because [Defendant's] sentence has been vacated and remanded and her ineffective assistance of counsel claim pertains only to sentencing, her claim of ineffective assistance of counsel is moot."); *see also United States v. Strother*, 387 F. App'x. 508, 510 (5th Cir. 2010) (explaining that because the defendant was granted a new trial, his ineffective assistance of counsel claim pertaining to his original trial is moot).

No. 18-30943

III.

For the forgoing reasons, we AFFIRM Mr. Brooks's conviction, VACATE the sentence, and REMAND for resentencing.