[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-13499
Non-Argument Calendar

————————————————

D.C. Docket Nos. 1:16-cv-22346-JLK,
1:09-cr-20762-JLK-1

ALEX KEVIN TAVERA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(July 1, 2020)

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Alex Tavera, proceeding *pro se*, appeals the district court's denial of his

28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.  He argues

that his sentence is invalid because Hobbs Act conspiracy is no longer a violent

felony for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.

§ 924(e), in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1]  While

Tavera's motion for a certificate of appealability ("COA") was pending in this

Court, we issued *Brown v. United States*, 942 F.3d 1069, 1075–76 (11th Cir.

2019), which held that conspiracy to commit Hobbs act robbery did not qualify as

a "crime of violence" under the elements clause of 18 U.S.C. § 924(c)(3)(A).  We

granted Tavera a certificate of appealability ("COA") on the issue of "[w]hether,

---

[1] The ACCA provides that:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).  At the time of Tavera's sentencing, the ACCA defined a "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)      has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)      is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B).  The first prong of this definition was the "elements clause," while the second prong contained the "enumerated crimes clause" and the "residual clause." *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).  In *Johnson*, the Supreme Court struck down the residual clause as unconstitutionally vague.  135 S. Ct. at 2557–58.  Thereafter, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.  *Welch v. United States*, 136 S. Ct. 1257, 1264–65, 1268 (2016).

2

considering *Brown*[], Tavera was sentenced under the residual clause of the [ACCA,] 18 U.S.C. § 924(e)(2)(B)(ii)." For the reasons that follow, we affirm the denial of Tavera's § 2255 motion.

## I.    Background

In 2010, Tavera pleaded guilty to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1), and two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Counts 4 and 6), pursuant to a written plea agreement. The plea agreement provided in relevant part that Tavera agreed he qualified for an enhanced sentence under the ACCA, but it did not specify on which of Tavera's prior convictions the enhancement was based. The plea agreement further provided that, in exchange for Tavera's plea, the government would dismiss two outstanding counts[2] and both parties "agree[d] to recommend" a sentence of 235 months' imprisonment, regardless of the guidelines' calculation.

Tavera's presentence investigation report ("PSI") provided that Tavera qualified as an armed career criminal based on the following prior convictions: (1) a 1991 New York conviction for robbery in the first degree; (2) a 1991 New

---

[2] Specifically, the government agreed to dismiss Count 2 and Count 3, which charged Tavera with substantive Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and possession of a firearm in relation to a crime of violence (Hobbs Act robbery), in violation of 18 U.S.C. § 924(c)(1)(A), respectively.

3

York conviction for attempted murder in the second degree; and (3) 2001 federal convictions in the Eastern District of New York for conspiracy to commit Hobbs Act robbery and use of a firearm during and in relation to a crime of violence (conspiracy to commit Hobbs Act robbery). The PSI did not state whether the predicate convictions fell under the ACCA's violent felony definition's elements clause or the residual clause. The PSI indicated that Tavera's advisory guideline range was 188 to 235 months' imprisonment. Tavera did not object to the PSI. At sentencing, the district court adopted the PSI, and Tavera's counsel acknowledged that Tavera and the government agreed to a 235-month sentence recommendation as part of the negotiated plea. The district court determined the agreed-upon sentence was appropriate, and sentenced Tavera to a total of 235 months' imprisonment,[3] followed by 5 years' supervised release. The subject of the ACCA enhancement and under which clause(s) the predicate convictions fell was not discussed. Tavera did not object to the sentence, and he did not appeal.

In 2016, Tavera filed the underlying § 2255 motion,[4] arguing that he no longer qualified as an armed career criminal in light of the Supreme Court's then-recent decision in *Johnson*, arguing that his prior New York robbery

---

[3] Tavera was sentenced to 188 months' imprisonment on Count 1 and a 235-month term on both Count 4 and Count 6, all to run concurrently.

[4] After Tavera filed the § 2255 motion *pro se*, the district court appointed counsel to represent him.

conviction and federal conspiracy to commit Hobbs Act robbery conviction no longer qualified as ACCA violent felonies. A magistrate judge issued a report and recommendation ("R&R"), agreeing with Tavera and recommending that his § 2255 motion be granted. The government objected to the R&R, arguing that: (1) New York robbery in the first degree qualified as a violent felony, (2) Tavera's claim was due to be denied because the parties jointly recommended the 235-month sentence, as part of the plea deal, regardless of the guidelines calculation, and (3) the court need not consider whether the prior Hobbs Act conspiracy conviction qualifies as a violent felony because Tavera's companion § 924(c) conviction for possessing and brandishing a firearm in relation to a crime of violence independently qualified as a violent felony predicate.

Upon review, the district court disagreed with the magistrate judge's legal conclusion concerning Tavera's New York first-degree robbery conviction, and instead held that it qualified as a violent felony post-*Johnson*. Therefore, the district court determined that Tavera still had three qualifying violent felonies for purposes of the ACCA, noting that Tavera's conviction for New York attempted murder in the second degree and his federal conviction for possessing a firearm during and in relation to a crime of violence qualified as violent felonies under the ACCA. The district court did not address whether Tavera's federal conviction for Hobbs Act conspiracy qualified as a violent felony post-*Johnson*. The district

court subsequently denied Tavera's request for a COA, and Tavera sought a COA from this Court, which was granted on the issue set forth above. This appeal followed.

## II.    Standard of Review

We review the denial of a § 2255 motion *de novo* and findings of fact for clear error. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014). The scope of our review is limited to the issue enumerated in the COA. *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). Regardless of the ground relied on by the district court, "[w]e may affirm on any ground supported by the record." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (quoting *LeCroy v. United States*, 739 F.3d 1297, 1312 (11th Cir. 2014)).

## III.    Discussion

Tavera argues that his sentence must be vacated because the ACCA enhancement was based on his prior conviction for conspiring to commit Hobbs Act robbery while using or carrying a firearm in violation of § 924(c), and conspiracy to commit Hobbs Act robbery can no longer serve as a crime of violence for purposes of a § 924(c) conviction in light of *Brown*.[5] Thus, he

---

[5] Although Tavera's § 924(c) conviction was based on conspiracy to commit Hobbs Act robbery, which is contrary to *Brown*, he cannot collaterally attack the validity of the prior convictions used to enhance his sentence under the ACCA in this § 2255 proceeding. *See Daniels v. United States*, 532 U.S. 374, 382 (2001) ("[I]f, by the time of sentencing under the ACCA, a prior conviction has not been set aside on direct or collateral review, that conviction is presumptively valid and may be used to enhance the federal sentence. . . . The presumption of

6

maintains that, per *Brown*, conspiracy to commit Hobbs Act robbery is also not a violent felony for purposes of the ACCA, and his ACCA sentence must be vacated as a matter of law because he pleaded guilty "to something that is 'no law at all.'" The government responds that Tavera is not eligible for § 2255 relief because he has not demonstrated either in the district court or in this appeal that it was more likely than not that his ACCA enhancement was based solely on the residual clause, as required by *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017). In reply, Tavera argues that the government is precluded from raising an "affirmative defense" under *Beeman* because *Beeman* was issued during the pendency of the district court proceedings and the government never mentioned it.

In *Beeman*, which we issued after the government filed objections to the R&R but before the district court's ruling in Tavera's case, we held that, "like any other § 2255 movant, a *Johnson* § 2255 claimant must prove his claim." 871 F.3d at 1221. Therefore, "[t]o prove a *Johnson* claim, the movant must show that— more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." *Id.* at 1221–22. Put differently, the movant

---

validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255). To the extent Tavera seeks to challenge the validity of the § 924(c) conviction, he would have to do so in the Eastern District of New York, not this Court. *See* 28 U.S.C. § 2255(a).

must show that "the sentencing court relied solely on the residual clause" to enhance his sentence. *Id.* at 1221.

For a § 2255 movant to prove that his sentence "more likely than not" relied solely on the residual clause, it is not enough to show that it is "merely possible that the court relied on that clause to enhance the sentence." *Id.* Rather, if the record is unclear, and it is just as likely that the court relied on a different clause when it enhanced the defendant's sentence, "then the movant has failed to show that his enhancement was due to use of the residual clause." *Id.* at 1222.

In reaching this conclusion, we noted that decisions issued after the movant's sentencing, such as *Brown*, "cast[ ] very little light, if any," on the issue of whether the district court, in fact, relied solely on the residual clause in imposing the movant's sentence because whether a § 2255 movant was sentenced on the basis of the residual clause is a "historical fact." *Id.* at 1224 n.5. Thus, "[e]ach case must be judged on its own facts," and evidence of historical fact may include statements made by the parties, by the sentencing judge, or in the PSI. *See id.* at n.4. Evidence of historical fact may also include consideration of the relevant law in existence at the time of sentencing, and how courts interpreted other similar statutes at the time the movant received his ACCA enhancement. *See id.* at n.5.

Although Tavera maintains that we should not consider *Beeman* because the government did not raise a *Beeman* defense in the district court proceedings, we cannot ignore binding precedent, regardless of whether the government raised it or not. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) ("[W]e are bound to follow a prior binding precedent 'unless and until it is overruled by this court en banc or by the Supreme Court.'" (quoting *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003)). Furthermore, it is well established that a movant always "bears the burden to prove the claims in his § 2255 motion," and it follows by necessity that a movant is not relieved of this burden simply because the government fails to argue that the movant did not meet his burden of proof. *See Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015) ("[W]e note that [the movant] bears the burden to prove the claims in his § 2255 motion."); *Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002) (explaining that "[t]he onus is on [the movant], not the government," to establish an entitlement to § 2255 relief); *Barnes v. United States*, 579 F.2d 364, 366 (5th Cir. 1978) ("Under Section 2255, [the movant] ha[s] the burden of showing that he [is] entitled to relief."); *see also United States v. Candelario*, 240 F.3d 1300, 1304 n.4 (11th Cir. 2001) (noting that a defendant's failure to object at trial "does *not* waive the Government's burden of alleging and proving every element of the offense.").

9

The record in Tavera's case makes clear that the denial of his § 2255 motion was correct because he has not, and cannot, carry his burden of proving his *Johnson*-based claim on the merits.[6]  Assuming *arguendo* that our 2019 decision in *Brown* also establishes that conspiracy to commit Hobbs Act robbery would not qualify as a violent felony under the ACCA's similarly worded elements clause, it still does not establish that the district court in fact relied solely on the residual clause when imposing Tavera's ACCA enhancement in 2010.  And there is nothing in the plea agreement or the PSI which indicates under which clause(s) of the ACCA Tavera's predicate convictions fell.  Similarly, nothing from the sentencing hearing sheds light on this issue of historical fact because the ACCA enhancement was not discussed.  Nor does Tavera point to any precedent in existence in 2010—when he was sentenced—holding or otherwise indicating that conspiracy to commit Hobbs Act robbery qualified as a violent felony under only the residual clause.  Therefore, it is just as likely that the sentencing court relied on a different clause when it enhanced Tavera's sentence, and Tavera cannot prove he is entitled to relief on his claim.  *Beeman*, 871 F.3d at 1222.  Accordingly, we affirm the denial of his § 2255 motion.

---

[6] Tavera notes in a footnote that this Court has in the past remanded cases for the district court to apply the *Beeman* standard in the first instance, but he has not requested a remand in his case.  Furthermore, in light of the record it does not appear that a remand "would do him any good."  *Beeman*, 871 F.3d at 1221.  Rather, we find ourselves faced with a record that makes clear that Tavera cannot meet his burden of proof on his *Johnson*-based claim.  Therefore, as in *Beeman*, there is no need to remand this case to the district court for further proceedings.  *Id.*

10

**AFFIRMED.**